**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| VIVIAN RODRIGUES DA-SILVA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:11-cv-02115-GMN-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| KROGER GROUP COOPERATIVE, INC., d/b/a Smith's Food & Drug Center #358; SMITH'S FOOD & DRUG CENTERS, INC., d/b/a Smith's Food & Drug Center #358; et al., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Defendant Smith's Food & Drug Centers, Inc. ("Smith's") filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 on December 30, 2011. (ECF No. 1.) With the Notice of Removal, Defendant submitted a copy of the court file before the Eighth Judicial District Court, Clark County, Nevada, where the lawsuit was initiated on August 31, 2011. (ECF No. 1-1.)

In the Notice of Removal, Defendant describes its receipt on December 7, 2011, of a decision exempting the case from arbitration in the Clark County Eighth Judicial District Court. (*See* Decision on Request for Arbitration, Ex. A to Notice of Removal, ECF No. 1-1.) Defendant claims that upon receipt of this decision Defendant and its counsel learned that Plaintiff Vivian Rodrigues Da-Silva was alleging that she had incurred medical bills in excess of $27,000.00 and was still actively seeking treatment for her claimed injuries. (Notice of Removal, ECF No. 1.) Plaintiff's First Amended Complaint alleges damages in excess of $10,000.00. (ECF No. 1-1.)

On January 18, 2012, the Court ordered Defendant to show cause as to the basis for its assertion that the amount in controversy exceeded the required minimum amount of $75,000.00.

(ECF No. 7.) Defendant filed its Response to the Order to Show Cause on January 25, 2012. (ECF No. 8.)

Defendant argues for removal based upon the arbitration decision, Plaintiff's pleaded damages "in excess of $10,000.00," her allegations that she has already incurred medical expenses in excess of $27,000.00 and that she is continuing her medical treatment, and Plaintiff's counsel's refusal to stipulate that damages do not exceed $75,000.00. (Notice of Removal, ECF No. 1; Response to Order to Show Cause, ECF No. 8.) From these facts, Defendant argues that "it is clear that Plaintiff is seeking damages in excess of $75,000.00." (Notice of Removal, 3:14-15, ECF No. 1.) Although the basis for the decision was not stated, Defendant argues that the arbitration decision was a determination by the Arbitration Commissioner that the amount in controversy was in excess of $50,000.00. (Response to Order to Show Cause, ECF No. 8.) To support this claim, Defendant refers to Nevada Arbitration Rule 3, which requires cases filed in state court that have a "probable jury award value not in excess of $50,000.00 per plaintiff" to proceed through arbitration. (*Id.*)

To support removal, a defendant must show facts supporting jurisdiction by a preponderance of the evidence. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Removal statutes are strictly construed and any doubts are resolved in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles*, 980 F.2d at 566). A plaintiff's refusal to stipulate that claims do not exceed $75,000.00 is insufficient to establish the amount in controversy. *See*, *e.g.*, *Pereira v. Gate Gourmet, Inc.*, No. 2:08-cv-07469-MMM-PJW, 2009 WL 1212802, at *2 n.25, 2009 U.S. Dist. LEXIS 41330, at *13 n.25 (C.D. Cal. April 30, 2009); *Bassel v. 4Access Communications Co.*, No. 3:07-cv-02346-L-JMA, 2008 WL 2157005, at *3, 2008 U.S. Dist. LEXIS 41012, at *7-8 (S.D. Cal. May 21, 2008).

Here, the Court finds that Defendant has failed to meet its burden to show facts

establishing the minimum amount in controversy by a preponderance of the evidence. Defendant's evidence shows, at most, that the amount in controversy may be in excess of $50,000.00. Upon receipt of any further evidence demonstrating that the amount in controversy exceeds $75,000.00, Defendant may re-file for removal based upon additional facts.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's petition for removal is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Eighth Judicial District Court, Clark County, Nevada. The Clerk is directed to close this case.

DATED this 16th day of February, 2012.

_____
Gloria M. Navarro
United States District Judge